UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| D. A. SHEPARDSON[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-196 |
| | ) | |
| FRANK J. BISIGNANO[2], | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the

Commissioner of Social Security, filed by the plaintiff, D. A. Shepardson, on June 5, 2024. For

the following reasons, the decision of the Commissioner is **AFFIRMED**.

*Background*

The plaintiff, D. A. Shepardson ("Shepardson"), filed an application for Title II benefits

on March 4, 2021 and an application for Title XVI benefits on August 26, 2021, alleging a

disability onset date in July 2017. [DE 13]. The Social Security Administration ("SSA") initially

denied Shepardson's claims on March 25, 2022 and on reconsideration on July 12, 2022.

Shepardson timely filed a request for a hearing, which was held on April 10, 2023, before

Administrative Law Judge (ALJ) Mary Pamela Hubert. *Id*. A supplemental hearing was held

telephonically on July 17, 2023. On September 26, 2023, the ALJ issued a decision finding that

Shepardson was not disabled as defined in the Social Security Act. (Tr. 23). The Appeals

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Council denied Shepardson's Request to Review the ALJ decision, making the ALJ's decision the final decision of the Commissioner of Social Security. (Tr. 1).

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act, the ALJ found that Shepardson did not engage in substantial gainful activity since July 15, 2017 and that Shepardson met the insured status requirements of the Act through December 31, 2018. (Tr. 12).

At step two, the ALJ determined that Shepardson had the severe impairments of posttraumatic stress disorder ("PTSD"); anxiety, with panic; and status-post right knee surgery. (Tr. 12). The ALJ also noted that Shepardson had some non-severe medically determinable impairments that did not result in work-related limitations. (Tr. 13).

At step three, the ALJ concluded that Shepardson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14).

Following step three, the ALJ then assessed Shepardson's residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is limited to no more than occasional climbing of ladders, ropes, or scaffolds; the claimant is limited to no more than frequent climbing of ramps and stairs; the claimant is limited to no more than frequent balance, stoop, kneel, crouch, crawl; the claimant must avoid concentrated exposure to hazards and unprotected heights; the claimant can understand, remember, and carry out detailed tasks and instructions; the claimant can sustain attention and concentration to carry out detailed tasks and instructions; the claimant can occasionally interact with supervisors, coworkers, and the general public; the claimant can tolerate simple changes in a routine work setting; the claimant can perform goal-oriented tasks, not ones requiring a specific production rate such as assembly line work or work that requires hourly quotas.

(Tr. 14-15).

At step four, the ALJ found that Shepardson had no past relevant work. (Tr. 18).

At step five, the ALJ relied on vocational testimony and found that Shepardson could perform three jobs which existed in sufficient numbers in the national economy, including an meat clerk, janitor, and cleaner. (Tr. 19). As a result, the ALJ found that Shepardson was not disabled, as defined in the Social Security Act. (Tr. 19).

### Discussion

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025)(quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769,773 (7th Cir. 2022)). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez*

*v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that her impairment is so severe that he cannot engage in her past relevant work, then the burden of proof shifts to the Commissioner to

establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill*, 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Shepardson has requested that the court remand this matter for additional proceedings. In her appeal, she challenges the ALJ's evaluation of both the mental and the physical RFCs as well as the ALJ's reliance on the vocational expert ("VE") in the step 5 finding.

As a preliminary matter, Shepardson briefly contends that the ALJ failed to inquire into the methodology and source for the VE's job numbers. [DE 13]. Shepardson forfeited challenging the VE's methodology because that issue was not raised in her initial appeal and is not part of the Administrative Record. [DE 4]; *Leisgang v. Kijakazi*, 72 F.4th 216, 219-20 (7th Cir. 2023) (a claimant must object or challenge the testimony during the administrative hearing to preserve an objection).

### 1. Substantial Evidence Supports the ALJ's RFC Determination

The RFC finding is central to the outcome of a Social Security case. This determination represents the claimant's ability to work in consideration of all of her physical and mental limitations, and as such it plays a key role in the ALJ's determination of whether the claimant is disabled and eligible for benefits, or whether she can hold substantial gainful employment on a regular basis. SSR 96-8p, 1996 WL 374184, at *1; *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("the ALJ's RFC assessment

5

must incorporate all of the claimant's limitations supported by the medical report."). Since the RFC finding must account for all of a claimant's physical and mental limitations, an ALJ's failure to fully consider even non-severe limitations within the RFC finding warrants remand and reversal. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). This is because an RFC finding which does not account for all of a claimant's limitations is not supported by substantial evidence. *Lothridge v. Saul*, 984 F.3d 1227, 1232-33 (7th Cir. 2021).

An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). Shepardson asserts that the ALJ dismissed the severity of her alleged physical and mental impairments. In her motion, Shepardson repeatedly states what ailments prohibit her from doing activities identified as feasible in the RFC. However, the claimant has the burden of proof of impairment. 20 C.F.R. §§ 440.1512, 416.912. Establishing a physical or mental impairment must be done "by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908; *see Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025) ("a claimant bears the burden of proving their disability."). The ALJ discussed Shepardson's subjective statements and compared the statements with medical evidence, treatment, and physicians' opinions. (Tr. 14-18). The ALJ built a logical bridge from all of the relevant evidence to her determination, discussing the combination of each before her. *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *see also* Tr. 13 ("despite the claimant's diagnosed impairments, the medical evidence

6

does not document listing level severity [sic] and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, either individually or in combination.").

**A. Shepardson has not provided evidence to undermine the ALJ's Physical RFC determination**

Shepardson argues that the ALJ discounted her right upper extremity limitations when limiting the RFC to medium work rather than light exertional work. Aside from Shepardson's own testimony, she points to nothing else to substantiate this claim. *Dickinson v. Berryhill*, 2017 WL 2492614, at *5 (N.D. Ind. June 9, 2017) ("beyond speculation, however, Plaintiff cites to no evidence showing that her alleged [impairment] had such an impact on her.").

However, even if Shepardson highlighted evidence substantiating her claim, the ALJ discussed the issue of bilateral shoulder impairment at step two. (Tr. 13). The ALJ determined that, despite Shepardson's complaints of shoulder impairment, "there is a lack of objective diagnostic evidence to support specific abnormality to the claimant's shoulders." *Id.* This court does not have jurisdiction to reweigh evidence. *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000) ("this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled") (citing *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)).

In addition to complaints about shoulder impairment, Shepardson also alleges restricted mobility, pain, and swelling in her lower extremities, purportedly limiting her ability to stand or walk. Again, Shepardson points to no other evidence supporting this claim aside from her subjective statements. *Thorlton*, 127 F.4th at 1080. The ALJ explicitly discussed Shepardson's lower extremity complaints and found them to be uncorroborated by medical evidence. (Tr. 13).

**B. Shepardson has not provided evidence to undermine the ALJ's Mental RFC determination**

Shepardson claims that the ALJ did not credit the severity of her mental health impairments and their disabling nature. Aside from her subjective statements, Shepardson points to no additional evidence to support these claims. The ALJ discussed each impairment at length and considered Shepardson's own statements when reporting how she handles daily chores or social interactions. (Tr. 14).

The ALJ also noted that Shepardson's anxiety, depression, isolation, and diminished concentration were being treated by psychotropic drugs and regular psychiatric therapy visits. (Tr. 16). The ALJ found that Shepardson was "routinely documented as calm, alert, oriented, attentive, relaxed, well groomed, without psychomotor activity, cooperative, normal in speech/articulation, language, logical and goal directed in thought process, intact as to associations, in tact as to cognition and fund of knowledge, intact as to memory, normal as to insight, good as to judgment, and without hallucinations, delusions, or thoughts of harm." (Tr. 17).

As previously stated, this court does not have jurisdiction to reweigh evidence that the ALJ considered. *Powers*, 207 F.3d at 434-45. The ALJ discussed Shepardson's statements as well as the evidence and findings presented. The ALJ's determination that Shepardson's impairments were severe but not such that they would preclude her from completing basic work activities was supported by substantial evidence.

Additionally, Shepardson takes issue with the ALJ's evaluation of Licensed Clinical Social Worker ("LCSW") Laura Uzelack's assessment. The ALJ did not find LCSW Uzelack's opinions to be persuasive because they were based upon nothing but Shepardson's subjective

statements, as indicated in the clinician's notes. (Tr. 17-18). The ALJ discussed the opinions of each clinician in depth and assessed the persuasiveness of each opinion. *Id.* An ALJ can reject clinician opinions when substantial evidence contradicts them. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citing *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001)); *see also Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (the Circuit will reverse an ALJ's determination "only if the record compels a contrary result").

### 2. Substantial Evidence Supports the ALJ's Evaluation of the VE

The ALJ balanced the medical record with the VE's testimony, finding that, even though Shepardson had limitations, there was evidence she could perform a range of medium work with postural, environmental, and mental limitations (Tr. 14-18). As previously stated, Shepardson waived any challenge to the VE's methodology. *Schmitz v. Colvin*, 124 F.4th 1029, 1033 (7th Cir. 2024). In fact, Shepardson's counsel did not object to the VE's qualifications at the hearing. (Tr. 41).

Shepardson does not cite evidence that she had greater limitations than those found by the ALJ but rather claims the ALJ failed to rely on the VE's answers to hypothetical questions assessing Shepardson's limitations. During questioning, the ALJ posed numerous hypothetical questions to the VE corresponding to varying degrees of limitations to explore the range of vocational options. (Tr. 42-49). As a general rule, both the hypothetical questions posed to the VE and the ALJ's RFC must incorporate all of the claimant's limitations identified by the medical record. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

Here, the ALJ's hypothetical questions probed limitation levels, not job preclusion. Accordingly, this case is unlike those in which the ALJ's RFC determination failed to discuss a VE's hypothetical answer that indicated no available employment options. *Hampton-Lewis v.*

*Berryhill*, 2018 WL 6242463 at *7 (N.D. Ind. Nov. 29, 2018) (case remanded where ALJ did not discuss a limitation posed to the vocational expert that would preclude employment). Notably, Shepardson does not suggest any specific limitations that should have been stated in the RFC, which renders any error by the ALJ, if any, harmless. *Padua v. Bisignano*, 145 F.4th 784, 792 (7th Cir. 2025) (citing *Jozefyk v. Berryhill*, 923 F.3d 482, 498 (7th Cir. 2019) (finding any error harmless where the claimant proposes no alternative restrictions). The issue of absenteeism and whether any of the VE-identified jobs could be completed if Shepardson missed four or six days per month is not considered by the DOT. (Tr. 49). Accordingly, whether the ALJ included the potential of missed days per month in the RFC is not material. The RFC determination was supported by the ALJ's evaluation of all evidence presented, including Shepardson's statements and the VE's testimony. Where there are "no obvious flaws in the testimony, [and] a claimant has failed to put the vocational expert's foundation or methodology into issue and the expert's testimony is otherwise uncontradicted, the ALJ is entitled to credit that testimony." *Schmitz v. Colvin*, 124 F.4th 1029, 1033 (7th Cir. 2024).

### *Conclusion*

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED**.


ENTERED this 9th day of March, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge
